**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

**CIVIL CASE NO. 3:05cv005**

| | |
|---|---|
| SHEA HOMES, LLC, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>OLD REPUBLIC NATIONAL )<br>TITLE INSURANCE COMPANY, )<br>)<br>Defendant. )<br>_____) | **AMENDED PRETRIAL<br>ORDER AND CASE<br>MANAGEMENT PLAN** |

**THIS MATTER** came to the Court by reassignment on September 19, 2007.

The parties are hereby notified that this matter is scheduled for trial during the **February 11, 2008 trial term**.

The Court hereby establishes the following trial procedures:

I.

A. TRIAL SUBPOENAS: Counsel must subpoena all witnesses <u>at least ten (10) days</u> before the day on which the Clerk of Court has set the case for trial (Trial Date). The Court <u>may</u> elect not to enforce

subpoenas that have not been issued in compliance with this deadline or, if requested, <u>may</u> quash subpoenas that have not been issued in compliance with this deadline.

B. COUNSEL'S DUTIES PRIOR TO TRIAL: <u>Either one week before the Trial Date or at the final pretrial conference</u>, which ever is later, counsel for all parties shall:

  (a) Discuss the possibility of a settlement;

  (b) Exchange copies of exhibits or permit inspection if copying is impractical;

  (c) Number and become acquainted with all exhibits;

  (d) Agree upon the issues, reduce them to writing and file them with the Court. If counsel cannot agree upon the issues, each party is directed to write his/her own version and file it with the Court;

  (e) Agree upon stipulations of fact and file them with the Court. The parties are encouraged to stipulate to as many facts a possible to facilitate the trial of the case;

C. PROPOSED JURY INSTRUCTIONS: If a jury trial has been requested, all counsel shall submit proposed jury instructions **no**

**later than one (1) week** before the day on which the Clerk of Court has set the case for trial (the Trial Date) or the day of the final pretrial conference, whichever is earlier. Additional instructions may be submitted during the trial as circumstances may require. Counsel should number each proposed instruction and shall submit each proposed instruction on a separate page. Each proposed instruction must contain a supporting citation(s) as a footnote. A proposed instruction without a supporting citation will not be considered. Boilerplate introductory instructions are not required to be submitted.

D. COUNSEL'S PRE-TRIAL FILINGS: The parties are to file the following with the Court

   (a) No later than **fourteen (14) days** prior to the Final Pre-Trial Conference, counsel for each party shall file any motions *in limine*. Responses to any such motions must be filed no later than **seven (7) days** prior to the Final Pre-Trial Conference. For the purposes of this provision, Daubert motions are not to be considered motions *in limine*, but are addressed in another portion of this Order.

   (b) No later than one (1) week before the first day of the term of

Court in which this matter is set for trial (the Trial Date), or the final Pre-Trial Conference, whichever is earlier, the parties shall file with the Court

(i) The issues and stipulations as called for above;

(ii) A trial brief addressing all questions of law and any anticipated evidentiary issues. Such trial brief shall not exceed 25 pages and shall be double spaced and in at least 14 point type;

(iii) In all non-jury cases, submit proposed Findings of Fact and Conclusions of Law; and

(iv) Proposed jury instructions, as described above.

(c) No later than **the morning of the day on which jury selection is scheduled to begin** (the Trial Date), counsel for each party shall file the following documents with the Clerk of Court and provide a hard copy to the presiding judge or his courtroom clerk:

(a) A witness list containing the name of every proposed witness;

(b) A statement of the education, experience, and

qualifications of each expert witness, unless the parties have stipulated to the qualifications of each expert witness;

    (c)    Stipulations concerning the authenticity and admissibility of as many proposed exhibits as possible; and

    (d)    An exhibit list.

E.    EXHIBIT NOTEBOOKS: If counsel for any party intends to tender more than fifteen (15) documentary exhibits, counsel for that party shall prepare <u>four (4) identical exhibit notebooks</u>, or sets of exhibit notebooks. Each exhibit notebook, or set of exhibit notebooks, shall contain an index of the exhibits and a copy of each exhibit. Counsel shall tab each exhibit and shall numerically arrange each exhibit notebook, or set of exhibit notebooks. Four (4) identical exhibit notebooks, or sets of exhibit notebooks, are necessary so that the witness and Court personnel each have an exhibit notebook, or set of exhibit notebooks.

F.    FORMAT FOR EXHIBIT LIST: In preparing the exhibit list, counsel separately shall identify and number each exhibit, shall arrange the list numerically by exhibit number, and shall place the following

headings on the exhibit list:

Exhibit #

Description

_____ Stipulation of Authenticity

_____ Stipulation of Admissibility

_____ Objection

_____ Identified by

_____ Admitted

It is not necessary for counsel to make entries in either the "Identified by" column or the "Admitted" column. Counsel should only enter "Yes" or "No" for each exhibit in the columns regarding the stipulations of authenticity and admissibility.

G. JURY VOIR DIRE: Following initial voir dire by the Court, counsel will be given a limited opportunity to conduct additional voir dire, subject to the Court's supervision for reasonableness and relevance.

H. SANCTIONS FOR COUNSEL'S FAILURE TO MEET DEADLINE FOR FILING: If any party fails to comply timely, the Court <u>may</u> impose sanctions, including but not limited to, a $50.00 per day fine assessed against counsel.

I. ASSESSMENT OF JURY COST: Whenever a civil action scheduled for a jury trial is settled or otherwise disposed of in advance of the actual trial, the Court may assess all jurors' costs, including Marshal's fees, mileage reimbursement, and <u>per diem</u> fees, equally against the parties or otherwise may determine appropriate assessments unless the Clerk's Office is notified at least one (1) full business day prior to the date on which the action is scheduled for trial or the parties establish good cause why the Court should not assess jury costs against the parties. When any civil jury trial is settled at trial in advance of the verdict, the Court likewise may make the same assessments unless the parties establish good cause why the Court should not do so.

II.

A. TRIAL DATE: Trial is scheduled to commence **WITH** a jury during the **February 11, 2008, Mixed Term.** The term "Trial Date" has been used throughout this Order to refer to the first day of the term in which this case is ultimately set for trial, that also being the date on which jury selection is scheduled to begin for this case.

B. LENGTH OF TRIAL: Trial is anticipated to last **3 days.**

C. A district judge or magistrate may convene a settlement conference at any time.

III.

To the extent that any provision of the local rules conflict with this Order, this Order shall govern. This Order is subject to modification only by Order of this Court and may not be modified by agreements among the parties.

**IT IS SO ORDERED.**

Signed: October 24, 2007

Martin Reidinger
United States District Judge